IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

CAMPION BARROW & ASSOCIATES, INC., )
et al.,                            )
                                   )
            Plaintiffs,            )
                                   )
      -vs-                         )   No. 06-CV-3215
                                   )
CITY OF SPRINGFIELD, ILLINOIS,     )
                                   )
            Defendant.             )

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

OPINION

Before the Court is Defendant's First Motion to Compel (d/e 44), Memorandum in Support (d/e 45), and Plaintiffs' Opposition (d/e 46).

Background

Plaintiffs bring suit against the City of Springfield, Mayor, and the individual members of the City Council. Plaintiff Michael A. Campion is a clinical psychologist who, along with Corporate Plaintiff Campion Barrow & Associates, Inc., had been employed by the City for approximately fifteen years providing employment services to the police and fire departments. Plaintiffs allege that their contract was not renewed with the City due to several damaging articles in the *Illinois Times* concerning Plaintiff

Campion's objectivity and personal beliefs, and several quoted statements by council members.  Plaintiffs allege they requested an opportunity to be heard, but were denied an audience with the council.  Plaintiffs allege irreparable injury to their constitutional rights, economic damages, damages to professional reputation, public embarrassment and humiliation, mental anguish and distress.  Plaintiffs request compensatory damages, fees and costs.

By Order (d/e 20) dated November 27, 2006, U.S. District Judge Jeanne Scott terminated all individual defendants, leaving the City of Springfield, Illinois as the sole remaining Defendant.

Standard for Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981);

see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).  ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible."  Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery

should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Packman at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial.

## Analysis

Defendant's requests to produce numbered 3 and 4 request all correspondence Plaintiffs received or sent which in any way touches on the subject matter of the litigation. Plaintiffs object on a number of grounds but rely on vagueness as their primary objection. The Court agrees with Plaintiffs. Defendant needs to be much more precise. In addition, the

Court notes Plaintiffs have answered Defendant's request to produce numbered 5 by providing over 500 pages of documents to Defendant. Request to produce numbered 5 requests all documents which support the allegations made in the Complaint. Plaintiffs' response to request to produce numbered 5 is more than sufficient. Defendant's motion to compel response to requests to produce numbered 3 and 4 is therefore denied.

Defendant's request to produce numbered 8 asks for "communications to and from Michael A. Campion to and from the Illinois Family Institute, the American Family Association and any related or similar organization, including officers, directors and members thereof". The Court agrees with Plaintiffs' legal analysis (see pages 6-9 of d/e 46) and adopts the same as the Court's reasons for denying Defendant's motion to compel response to Defendant's request to produce numbered 8.[1]

Defendant's request to produce numbered 9 asks for "all documents relating to psychological testing performed by Michael A. Campion for the City of Springfield, Illinois, including drafts and final reports, notes and test results". Plaintiffs object primarily because the Defendant already has the reports and test results in their possession. Plaintiffs' point is well taken,

---

[1] The Defendant can file a motion to reconsider the Court's ruling on this numbered request and supply appropriate authority contra to that cited by Plaintiffs, if Defendant so elects.

however Defendant does not have Plaintiffs' draft reports and notes from the psychological tests Plaintiffs performed for the City.  These draft reports and notes are relevant and may lead to the discovery of admissible information.  Wherefore, Defendant's motion to compel response to request to produce numbered 9 is allowed in part and denied in part.  Plaintiffs to produce draft reports, if any, and notes, if any, responsive to request to produce numbered 9 by August 16, 2007.

Defendant's motion to compel response to request to produce numbered 10 the Court finds is moot as Plaintiffs have agreed to make responsive documents available for inspection and copying.

WHEREFORE Defendant's First Motion to Compel (d/e 44) is ALLOWED in part and DENIED in part as set forth above.

ENTERED   August 2, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE